IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON CARBALLO,<br><br>    Plaintiff,<br><br>  v.<br><br>COMCAST INC., et al.,<br><br>    Defendants. | No. C-13-5572 MMC<br><br>**ORDER DENYING COMMUNICATION WORKERS OF AMERICA'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court is defendant Communication Workers of America's ("CWA") Motion for Summary Judgment, filed May 15, 2015. Plaintiff Nelson Carballo ("Carballo") has filed opposition, to which CWA has replied.[1] Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[2]

**BACKGROUND**

**A. Carballo's Allegations**

In his First Amended Complaint ("FAC"), Carballo alleges he was formerly employed by Comcast, Inc. ("Comcast") for sixteen years, ultimately attaining the position of Network

---

[1]With its reply, CWA filed a separate document titled "Objection to and Motion to Strike Portions of the Declaration of Plaintiff Nelson Carballo." As the Court has not relied on the challenged statements, the objection and motion to strike are hereby DENIED as moot. For future reference, CWA is advised that objections to evidence offered with the opposition must be made in the reply brief, not in a separate filing. See Civil L.R. 7-3(c).

[2]By order filed June 24, 2015, the Court took the matter under submission.

Technician (see FAC ¶ 8), and that the terms of his employment were governed by a collective bargaining agreement as to which CWA was his "exclusive bargaining agent" (see FAC ¶ 18). Carballo alleges that he has "gout," which condition causes "intermittent periods of intense pain that his medication cannot combat." (See FAC ¶ 9.)

Carballo also alleges he informed his "direct supervisor that he suffered from gout multiple times during his employment with Comcast and requested accommodation in his System Network Technician position on several occasions throughout the year of 2012" (see id.), and that Comcast "accommodated [him] when [he] complained of pain due to his condition by allowing [him] to work on underground cable" (see FAC ¶ 11). According to Carballo, on December 3, 2012, when he informed his "direct supervisor" he was "suffering from an episode of gout that morning" that would make performance of his assigned duties "difficult," his supervisor "failed to accommodate [him]" and instead told him "to 'do his best'." (See id.) Carballo alleges that, later that same day, while in the process of securing himself to a pole, he "loosen[ed] the straps to mitigate the pain he was feeling due to gout" and his supervisor "noticed that [his] leg straps were unsecured in violation of company policy" (see id.), after which, on December 14, 2012, Comcast "discharged" him "without any just cause" (see FAC ¶ 19). Carballo alleges that CWA initially filed a grievance on his behalf and pursued it "through Step Two of the grievance procedure" (see FAC ¶ 19), but did not further pursue the matter (see FAC ¶ 20).

In the FAC, Carballo asserts several causes of action in which he brings employment discrimination claims against Comcast and a single cause of action against CWA. In support of his claim against CWA, titled "Breach of Duty of Fair Representation," Carballo alleges that CWA, in "bad faith," made a "decision not to pursue [his] grievance" to arbitration. (See FAC ¶ 20(A).)

**B. Evidence Pertaining to Carballo's Grievance**

The following facts are undisputed.

Under the terms of the governing CBA, a three-step procedure applies to grievances. (See Bacon Decl. Ex. C at 10-11.) The first step is submission of a written

grievance to Comcast's Operations Director (see id. Ex. C at 10), the second step is submission of a written grievance to Comcast's Regional Vice President of Human Resources (see id.), and the third step is submission of the grievance "for binding and final resolution by arbitration" (see id. Ex. C at 11).

On December 17, 2012, CWA Local 9415 submitted a grievance to Comcast, titled "Step: One," asserting on behalf of Carballo a claim of "Unfair/Unjust termination." (See id. Ex. B.) A "Step 1 grievance meeting" was held on January 2, 2013, and Comcast denied the grievance on January 10, 2013. (See id. Ex. D.) Thereafter, CWA Local 9415 submitted a grievance to Comcast, titled "Step: Two," and again asserted on behalf of Carballo a claim of "Unfair/Unjust termination." (See id. Ex E.)[3] A "Step Two" meeting was held on January 23, 2013, and Comcast denied the grievance on February 7, 2013. (See id. Ex. F at 5.)

On March 4, 2013, Frank Manibusan ("Manibusan"), a Business Agent with CWA Local 9415, submitted a "Top Level Grievance Referral" to Valerie Reyna ("Reyna"), a Staff Representative with CWA District 9, recommending the grievance be taken to arbitration. (See id. Exs. F, I.)[4] In said document, Manibusan informed Reyna that, at the first two steps, Comcast took the position that Carballo's conduct fell within a "serious offenses" provision in the CBA, and that, under such provision, Comcast "[did] not have to go through the steps of progressive discipline" (See id. Ex. F at 6.) Manibusan summarized CWA Local 9415's case at the first two steps as acknowledging Carballo did "not have his leg straps properly attached," but pointing out that "the mitigating factor contributing to this failure was his gout had flared up and the straps caused him pain when the leg straps were attached properly" (see id. Ex. F at 5-6); in support of his recommendation to pursue Carballo's grievance, Manibusan stated the discipline was "too harsh for a 17 year

---

[3] The Step Two grievance is dated January 4, 2013, which date appears to be a typographical error, in that Comcast denied the first grievance on January 10, 2013.

[4] A local union cannot arbitrate a grievance and must request that a district office arbitrate it. (See id. Ex. H at 16:10-17:10.)

1  employee with an excellent attendance record," and that other CWA members who had
2  engaged in "serious offenses" received "far lesser disciplines" than termination (see id. Ex.
3  F at 7).
4        By letter dated March 26, 2013, Reyna "denied" the grievance, indicating therein that
5  although Carballo "stated the straps were not properly attached because he suffers from
6  gout and the straps were causing him pain," she did not believe CWA would prevail before
7  an arbitrator.  (See id. Ex I.)  She also stated that Carballo could appeal to Jim Weitkamp,
8  Vice President of CWA District 9 ("Weitkamp").  (See id.)
9        Carballo thereafter submitted an appeal to Weitkamp,[5] who, by letter dated May 22,
10  2013, stated "[t]here were no mitigating facts and due to the repeated nature of the safety
11  violations in question an arbitrator would most likely find just cause," and, consequently, his
12  "decision [was] not to arbitrate this grievance."  (See Carballo Decl. Ex. E.)  Weitkamp also
13  stated Carballo could appeal to Larry Cohen, CWA's President ("Cohen").  (See id.)
14        On July 25, 2013, Carballo, through counsel, submitted an appeal seeking review of
15  Weitkamp's decision, in which appeal Carballo stated the termination constituted "disability
16  discrimination."  (See Bacon Decl. Ex. J.)  By letter dated August 23, 2013, Cohen denied
17  the appeal, stating, inter alia, "[t]here is nothing in the record to indicate that [Carballo]
18  informed Comcast about [his] condition or that [he] requested accommodation."  (See id.
19  Ex. K.)  Cohen also stated Carballo could appeal to the CWA Executive Board.  (See id.)
20        On September 13, 2013, Carballo, through counsel, submitted an appeal to the
21  CWA Executive Board (see id. Ex. L), which appeal was denied by letter dated October 24,
22  2013 (see id. Ex. N).

### LEGAL STANDARD

24        Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a "court shall grant
25  summary judgment if the movant shows that there is no genuine issue as to any material
26  fact and that the movant is entitled to judgment as a matter of law."  See Fed. R. Civ. P.

---

[5]Neither party has offered a copy of the appeal Carballo submitted to Weitkamp.

4

56(a).

The Supreme Court's 1986 "trilogy" of Celotex Corp. v. Catrett, 477 U.S. 317 (1986), Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), and Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574 (1986), requires that a party seeking summary judgment show the absence of a genuine issue of material fact.  Once the moving party has done so, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."  See Celotex, 477 U.S. at 324 (internal quotation and citation omitted).  "When the moving party has carried its burden under Rule 56[ ], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita, 475 U.S. at 586.  "If the [opposing party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Liberty Lobby, 477 U.S. at 249-50 (citations omitted).  "[I]nferences to be drawn from the underlying facts," however, "must be viewed in the light most favorable to the party opposing the motion."  See Matsushita, 475 U.S. at 587 (internal quotation and citation omitted).

**DISCUSSION**

CWA argues it is entitled to summary judgment on the one claim alleged against it, specifically, the First Cause of Action, in which Carballo alleges CWA breached its duty of fair representation by not pursuing his grievance.

Where a union is the "exclusive bargaining representative of the employees in [a] bargaining unit," the union has a duty to "fairly represent all of those employees, both in its collective bargaining with [the employer], . . . and in its enforcement of the resulting collective bargaining agreement."  See Vaca v. Sipes, 386 U.S. 171, 177 (1967).  "A union breaches this duty only when its 'conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith'."  Moore v. Bechtel Power Corp., 840 F.2d 634, 636 (9th Cir. 1988) (quoting Vaca, 386 U.S. at 190).  "Bad faith" can be established by "substantial evidence of fraud, deceitful action or dishonest conduct."  See Beck v. United

Food & Commercial Workers Union, Local 99, 506 F.3d 874, 880 (9th Cir. 2007) (internal quotation and citation omitted).

In support of its motion, CWA relies exclusively on testimony provided by plaintiff during his depositions[6] and on exhibits attached to the FAC. Where, as here, a party seeking summary judgment does not "produce affirmative evidence," such party "carr[ies] its initial burden of production" by showing "the nonmoving party does not have enough evidence of an essential element of its claim . . . to carry its ultimate burden of persuasion at trial." See Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1106 (9th Cir. 2000). Consequently, in order to meet its initial burden, CWA must show that Carballo's testimony or the exhibits he attached to the FAC, or both, establish Carballo's lack of sufficient evidence to establish one or more elements of his claim. See, e.g., Celotex, 477 U.S. at 319-20, 325 (holding, as to wrongful death claim alleging defendant's asbestos products caused decedent's death, defendant met initial burden by showing plaintiff "failed to identify, in answering interrogatories specifically requesting such information, any witness who could testify about the decedent's exposure to [defendant's] asbestos products").

In that regard, CWA first argues that Carballo cannot establish a claim that CWA's decision not to pursue Carballo's grievance was arbitrary, because the denial letters set forth reasons for CWA's decision. Although, as CWA notes, a claim of "arbitrariness" can only be based on conduct that is "procedural or ministerial" in nature, not on conduct reflecting the union's judgment, see Moore, 840 F.2d at 636, here, there is no allegation that CWA acted in an arbitrary manner. Rather, as CWA acknowledges, the FAC alleges CWA acted in "bad faith" (see FAC ¶¶ 20(A), 20(D)), which claim may be raised where, as here, "it is a union's judgment that is in question," see Moore, 840 F.2d at 636.

Second, CWA argues that Carballo's bad faith claim is not cognizable because, according to CWA, it is based on a theory that CWA had an obligation to pursue the

---

[6]Carballo was deposed on two occasions, first, by Comcast on October 27, 2014 (see Sencer Decl. ¶ 4), and second, by CWA on April 9, 2015 (see id. ¶ 3).

1  grievance irrespective of its merits.  In support of this assertion, CWA relies on Carballo's
2  deposition testimony in which he answered, "yes" to a question asking him whether he
3  "believe[d]" that CWA's "decision was in bad faith because it didn't agree with [his] opinion
4  of the case" (see Sencer Decl. Ex. A at 78:15-18), as well as on Carballo's deposition
5  testimony that, in light of his "16, 17 years" as a union member, the grievance "should have
6  been [taken] all the way" (see id. Ex. A at 17:16-22).  There is no dispute that a claim of
7  bad faith cannot be based solely on a "disagreement" between the union and the plaintiff
8  as to the strength of the plaintiff's case, see Moore, 840 F.2d at 637, nor does an
9  employee have "an absolute right to take every grievance to arbitration," see id.  Carballo's
10  claim, however, is not based on such assertions.  Rather, as set forth in the FAC,
11  Carballo's claim that CWA denied his grievance in bad faith is based on "lies" by Weitkamp
12  and Cohen (see FAC ¶¶ 20(C), 20(D)), specifically, the following alleged
13  misrepresentations of fact made in their respective letters denying Carballo's appeals:
14  (1) Weitkamp's statement that "there are no mitigating facts" (see FAC ¶ 20(D));
15  (2) Cohen's statement that "there is nothing in the record to indicate that [Carballo]
16  informed Comcast about his condition" (see FAC ¶ 20(C)); and (3) Cohen's statement that
17  Carballo had not raised a claim that Comcast engaged in "disability discrimination" until
18  Carballo submitted an appeal to Cohen (see FAC ¶ 20(C)).
19        Next, CWA argues that one of the three "lies" identified in the FAC is not false,
20  specifically, the statement by Cohen that Carballo had not raised a claim of disability
21  discrimination prior to appealing to him.  The deposition testimony and exhibits offered by
22  CWA in support of its motion, however, do not show Carballo will be unable to establish at
23  trial that a claim of disability discrimination had in fact been raised prior to his appeal to
24  Cohen and that Cohen knew about it.  CWA points to no testimony by Carballo as to the
25  content of the claims CWA had raised in the first two steps of the grievance procedure, nor
26  does CWA make an affirmative showing or offer any deposition testimony or other
27  concession by Carballo that the exhibits attached to the FAC constitute the entirety of the
28  available evidence pertaining to the information conveyed to Weitkamp and Cohen

7

regarding Carballo's grievance.  Moreover, even assuming CWA is correct that one of the alleged "lies" was in fact a truthful statement, two other allegedly false statements remain to support Carballo's claim of bad faith.

Lastly, in its reply, CWA asserts that all of the alleged "lies" are "CWA's rational conclusions based upon its thorough review of the record."  (See Def.'s Reply at 10:15-17.) CWA has not offered, however, any affirmative evidence, e.g., declarations from Weitkamp and Cohen as to what they meant by the statements on which Carballo relies, and, as discussed above, the evidence offered with the moving papers does not foreclose his claim.  Consequently, although a trier of fact may well find the challenged statements, read in context, are good faith assessments consistent with the factual record, CWA has failed to show it is entitled to such a finding at this time, i.e., to judgment as a matter of law.

## CONCLUSION

For the reasons stated above, CWA's motion for summary judgment is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  July 16, 2015

MAXINE M. CHESNEY
United States District Judge