IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON CARBALLO,<br><br>   Plaintiff,<br><br>   v.<br><br>COMCAST INC., et al.,<br><br>   Defendants. | No. C-13-5572 MMC<br><br>**ORDER RE: COMMUNICATION WORKERS OF AMERICA'S JOINDER IN COMCAST'S MOTION FOR SUMMARY JUDGMENT; FINDING COMMUNICATION WORKERS OF AMERICA ENTITLED TO PARTIAL SUMMARY JUDGMENT** |

Before the Court is defendant Communication Workers of America's ("CWA") "Joinder with Defendant Comcast's Motion for Summary Judgment," filed July 17, 2015. Plaintiff Nelson Carballo ("Carballo") has filed opposition, to which CWA has replied. Having read and considered the papers filed in support of and in opposition to CWA's joinder, the Court rules as follows.[1]

In its joinder, CWA argues that if the Court grants the motion for summary judgment filed by Comcast, Inc. ("Comcast"), CWA likewise would be entitled to summary judgment. By separate order filed concurrently herewith, the Court has granted Comcast's motion for summary judgment. (See Order Granting Def. Comcast, Inc.'s Mot. for Summ. J. (hereinafter "Comcast Order").) The Court considers herein the parties' dispute as to

---

[1] By order filed August 18, 2015, the Court took the matter under submission.

whether the Court's ruling in favor of Comcast necessarily forecloses Carballo's claim against CWA.[2]

In his First Amended Complaint ("FAC"), Carballo alleges he was formerly employed by Comcast (see FAC ¶ 8), that the terms of his employment were governed by a collective bargaining agreement ("CBA") as to which CWA was his "exclusive bargaining agent" (see FAC ¶ 18), that, in December 2012, Comcast terminated his employment "without any just cause" (see FAC ¶ 19), and that CWA initially filed a grievance on his behalf and pursued it "through Step Two of the grievance procedure" but did not further pursue the matter (see FAC ¶¶ 19-20). Based on said allegations, Carballo asserts, as against CWA, a single cause of action, specifically, the First Cause of Action, titled "Breach of Duty of Fair Representation," in which Carballo alleges that CWA, in "bad faith," made a "decision not to pursue [his] grievance" to arbitration. (See FAC ¶ 20(A).)

Where a union is the "exclusive bargaining representative of the employees in [a] bargaining unit," the union has a duty to "fairly represent all of those employees, both in its collective bargaining with [the employer], . . . and in its enforcement of the resulting collective bargaining agreement." See Vaca v. Sipes, 386 U.S. 171, 177 (1967). "Because most collective-bargaining agreements accord finality to grievance or arbitration procedures established by the collective-bargaining agreement, an employee normally cannot bring a [claim alleging the employer violated the CBA] unless he can show the union breached its duty of fair representation in its handling of his grievance." Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 564 (1990). "Whether the employee sues both the labor union and the employer or only one of those entities, he must prove the same two facts to recover money damages: that the employer's action

---

[2]In support of its joinder, CWA, in addition to relying on Comcast's evidence and arguments, has submitted its own evidence, in an effort to show its decision not to pursue arbitration was made in good faith. (See Rosenthal Decl. Ex. A.) By order filed July 16, 2015, the Court denied CWA's motion for summary judgment, finding CWA had failed to show Carballo lacked evidence to establish bad faith. As CWA has not endeavored to show a cognizable basis for reconsideration exists, see Civil L.R. 7-9, CWA's newly-offered evidence is not properly before the Court, and, accordingly, has not been considered.

violated the terms of the collective-bargaining agreement and that the union breached its duty of fair representation." Id.

Here, as Carballo points out, he has not sued Comcast for breach of the CBA, but, rather, for violations of the Fair Housing and Employment Act ("FEHA"),[3] and his FEHA claims do not require him to demonstrate that Comcast violated the terms of the CBA. See Ackerman v. Western Electric Co., 860 F.2d 1514, 1517 (9th Cir. 1988) (noting FEHA "confers upon employees certain rights not to be discriminated against"; holding such rights are "defined and enforced under state law without reference to the terms of any collective bargaining agreement"). Consequently, as Comcast's motion did not require Carballo to offer evidence to support a finding that Comcast breached the terms of the CBA, the Court's determination that Comcast is entitled to summary judgment on Carballo's FEHA claims does not itself preclude Carballo from demonstrating that Comcast violated the terms of the CBA.[4]

The Court next considers whether the Court's ruling in favor of Comcast on the FEHA claims otherwise precludes Carballo from establishing a violation of the CBA, and, in particular, whether the Court's resolution of any factual issue raised by Comcast's motion likewise resolves that issue with respect to CWA.

In support of his claim that CWA breached its duty of fair representation, Carballo alleges he had a viable grievance against Comcast based on Comcast's violation of two separate provisions of the CBA, specifically, Article 2, titled "No Discrimination" (see FAC ¶ 10), and Article 10, titled "Progressive Discipline" (see FAC ¶ 17-19).

//

---

[3] As explained in greater detail in the Court's order filed concurrently herewith, Carballo asserts as against Comcast eight causes of action, by which he alleges Comcast failed to accommodate his disability and otherwise engaged in employment discrimination.

[4] In its reply, CWA argues that Carballo, in his opposition to CWA's joinder, "affirmatively stated he does not intend to show Comcast breached the CBA." (See CWA's Reply at 2:20-21.) In the portions of the opposition to which CWA cites, however, Carballo states only that, in opposing Comcast's motion for summary judgment, he need not and has not endeavored to show Comcast breached the CBA. He does not concede that, for purposes of his claim against CWA, he cannot establish such a breach.

1    The "No Discrimination" clause provides, in relevant part, as follows: "Neither the
Employer nor the Union shall unlawfully coerce, intimidate or discriminate against any
employee within the unit because of . . . physical disability, as provided in the Americans
With Disabilities Act." (See FAC Ex. I.) In other words, the CBA incorporates the
provisions of the Americans with Disabilities Act ("ADA") that preclude discrimination on the
basis of physical disability, and thereby makes a violation of the ADA a breach of the CBA.

As set forth in the Comcast Order, Carballo has failed to show Comcast
discriminated against him on the basis of his disability. Although those findings were made
as to claims brought under FEHA, they are equally applicable to claims based on the ADA,
See Bradley v. Harcourt, Brace & Co., 104 F.3d 267, 271 (9th Cir. 1996) (holding, where
plaintiff asserted "disability discrimination claims" under both ADA and FEHA, "the same
analysis" applied to both claims, as "California relies on federal discrimination decisions to
interpret the FEHA"). As noted, the ADA is incorporated by reference in the "No
Discrimination" clause of the CBA.

Accordingly, to the extent the First Cause of Action is based on the theory that CWA
breached its duty of fair representation by not pursuing arbitration of a grievance premised
on a violation of the CBA's "No Discrimination" clause, CWA is entitled to summary
judgment.

The Court next turns to the "Progressive Discipline" clause. The "Progressive
Discipline" clause provides, in relevant part, as follows:

> The Union and the Employer agree with a philosophy of corrective and progressive discipline, and that discipline and discharge shall be for just cause. The Employer agrees that except in the case of serious offenses, the Employer shall give an employee at least one (1) written warning and at least one (1) suspension prior to discharge. Such prior discipline need not be for the same causes. The Employer shall have the right to discharge employees for just cause.

(See Carballo Decl., filed July 31, 2015, Ex. 2 at 14.) Although the FAC itself does not
include a detailed factual basis for Carballo's claim that his termination was in violation of
the "Progressive Discipline" clause, the additional detail is provided in an exhibit attached
to the FAC, specifically, a union document summarizing the position taken by Carballo at

4

the first two steps of the grievance process.  (See FAC Ex. C at 3.)  In particular, CWA, on behalf of Carballo, took the position that the CBA, although permitting Comcast "to skip progressive discipline in cases of serious offenses," does not "provide that the employee be treated disparately," that there had been "27 instances where employees [had] committed 'serious offenses' and the Company followed progressive steps of discipline," and that "the Company [was] unilaterally changing the practice and process of meting out discipline and, as a result, treating the employee [Carballo] disparately."  (See id. Ex. C at 5.)

In its joinder, CWA does not contend that its reference to Comcast's having treated Carballo "disparately" (see id.) was a reference to discrimination on the basis of disability, and, indeed, in an earlier filing, expressly argued that Carballo had not "raise[d] a disability discrimination claim under the CBA" during the grievance process (see CWA's Reply to Pl.'s Opp. to Def.'s [CWA's] Mot. for Summ. J., filed June 5, 2015 at 6:16-17). Consequently, CWA has failed to show that the Court's order in favor of Comcast as to Carballo's FEHA claims necessarily forecloses Carballo's claim against CWA based on a failure to arbitrate a grievance premised on a violation of the "Progressive Discipline" clause.

Accordingly, to the extent the First Cause of Action is based on the theory that CWA breached its duty of fair representation by not pursuing arbitration of a grievance premised on a violation of the CBA's "Progressive Discipline" clause, CWA has not shown it is entitled to summary judgment.

**CONCLUSION**

For the reasons stated above:

1. To the extent the First Cause of Action is based on the theory that CWA breached its duty of fair representation by not pursuing arbitration of a grievance premised on the CBA's "No Discrimination" clause, Comcast's motion for summary judgment is hereby GRANTED in favor of CWA as well.

//

5

2. To the extent the First Cause of Action is based on the theory that CWA breached its duty by not pursuing arbitration of a grievance premised on a violation of the CBA's "Progressive Discipline" clause, Comcast' motion has no bearing thereon, and, accordingly, CWA is not entitled to summary judgment.

**IT IS SO ORDERED.**

Dated: September 8, 2015

MAXINE M. CHESNEY
United States District Judge